Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| NADINE VANDA PADILLA LEONARDI Y OTROS<br><br>Demandante-Recurrido<br><br>Vs.<br><br>HIPÓLITO PÉREZ ROSA Y OTROS<br><br>Demandado-Peticionario | TA2026CE00057 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm. BY2024CV06124<br><br>Sala: 703<br><br>Sobre: SENTENCIA DECLARATORIA |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez.

Cruz Hiraldo, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 19 de febrero de 2026.

Comparece la parte peticionaria compuesta por, Hipólito Pérez Rosa, y Nieves E. Pérez Rosa, solicita la revocación de la *Resolución* notificada el 1 de diciembre de 2025 por el Tribunal de Primera Instancia, Sala Superior de San Juan. En la resolución recurrida el foro primario denegó la desestimación sumaria de una de las causas de acción presentada por la parte recurrida compuesta por, Nadine Vanda Padilla Leonardi, Marzio Andrew Padilla Leonardi y Jessica Claire Padilla.

Por los fundamentos expuestos en esta resolución, *denegamos* la expedición del auto solicitado.

-I-

El 11 de octubre de 2024 la parte recurrida presentó demanda sobre *Sentencia Declaratoria, Declaratoria de Herederos y Nulidad de Divorcio*. La demanda pretende declarar nulo el divorcio "simulado" entre los fenecidos, William Herman Padilla Ferguson y Josefa Pérez Rosa. Conforme alegado, el único propósito del divorcio fue defraudar a la parte recurrida de la herencia que en

derecho le corresponde. Esto pues, luego del divorcio, la señora Pérez Rosa comenzó a desviar bienes privativos del señor Padilla Ferguson a cuentas personales suyas y de sus familiares. Según la demanda, la anterior pareja nunca tuvo la intención de divorciarse, pues continuaron comportándose y conviviendo como cónyuges hasta el último día de vida de la señora Pérez Rosa. En esencia, se planteó que el "divorcio" fue un negocio jurídico simulado, producto de dolo, fraude, intimidación y manipulación, cuyo propósito fue excluirlo de la sucesión mientras la señora Pérez Rosa desviaba bienes a favor propio y de sus familiares. Por tales razones, solicitaron la nulidad del divorcio y el reconocimiento del señor Padilla Ferguson como único y universal heredero de la señora Josefa Pérez Rosa. La parte recurrida incluyó como demandados, en su carácter personal, al señor Hipólito Pérez Rosa y la señora Nieves E. Pérez Rosa, por supuestamente haberse confabulado con la señora Pérez Rosa para defraudar económicamente al señor Padilla Ferguson. Empero, el foro primario bifurcó la causa y determinó atender primero la acción de nulidad del divorcio, ya que la misma es contingente al resto de las causas de acción promovidas.

Superados varios trámites, la parte peticionara solicitó la desestimación sumaria de la primera causa de acción, la petición de nulidad del divorcio. La parte recurrida presentó oposición. El tribunal emitió la resolución recurrida en la cual denegó la petición, determinó la existencia de hechos materiales en controversia que impedían la sentencia sumaria solicitada. La parte peticionaria solicitó reconsideración, pero también fue denegada. Todavía inconforme comparece ante este tribunal y señala la ocurrencia de los siguientes errores:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DETERMINAR QUE EXISTEN CONTROVERSIA[S] DE HECHOS EN CUANTO A QUE:

1. SI EL ÚNICO TESTIGO DISPONIBLE DEL ACTO DE DIVORCIO LO ES EL NOTARIO PÚBLICO QUE AUTORIZÓ EL INSTRUMENTO PÚBLICO, EL LCDO. RUBÉN OTILIO SANDOVAL RAMOS.

2. SI AMBOS OTORGANTES DE LA ESCRITURA DE DIVORCIO OBJETO DE ESTE PLEITO PRESTARON UN CONSENTIMIENTO VÁLIDO A DICHO NEGOCIO JURÍDICO.

3. SI EL DIVORCIO DEL MATRIMONIO PADILLA-PÉREZ FUE SIMULADO.

4. SI LA ESCRITURA DE DIVORCIO OBJETO DE ESTE PLEITO ES VÁLIDA.

ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO DESESTIMAR LA CAUSA DE ACCION POR NO SER JUSTICIABLE LA MISMA Y POR FALTA DE PARTE INDISPENSABLE ANTE EL FALLECIMIENTO DE LOS OTORGANTES.

ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO DETERMINAR QUE LA CONTROVERSIA ES ACADÉMICA ANTE EL FALLECIMIENTO DE LOS OTORGANTES.

ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO DETERMINAR LA FALTA DE LEGITIMACION ACTIVA DE LA ACTUAL PARTE DEMANDANTE (HIJOS DEL CAUSANTE) POR SER DERECHOS Y ACTOS PERSONALISIMOS LOS RECLAMADOS EN LA PRESENT[E] ACCION.

ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO DESESTIMAR LA CAUSA DE ACCION CONFORME LO RESUELTO EN SÁNCHEZ RODRÍGUEZ V LÓPEZ JIMÉNEZ EN 116 DPR 172

ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO DICTAR SENTENCIA DECLARATORIA CONFORME LA PRUEBA ANTE SÍ Y EL DERECHO APLICABLE

La parte recurrida también comparece mediante alegato escrito en oposición a la expedición del auto extraordinario solicitado. Procedemos a disponer del presente recurso con el beneficio de la comparecencia de las partes, el contenido del expediente electrónico y el derecho aplicable.

*-II-*

El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar determinaciones interlocutorias del foro de origen. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v.*

*Zaragoza Meléndez*, 211 DPR 821, 847 (2023). El tribunal revisor tiene discreción para resolver el recurso promovido, ya sea, expedir y considerar la cuestión en sus méritos, o denegar sin otra salvedad sobre el asunto apelado. *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 593 (2011). La Regla 40 del Reglamento de este Tribunal establece los criterios al ejercer nuestra facultad discrecional de expedir o denegar un recurso extraordinario de *certiorari*:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

### -III-

Un análisis del recurso presentado al palio de la Regla 52.1 de Procedimiento Civil confirma una de instancias contempladas por el legislador, a los fines de auscultar el mérito del recurso, si alguno. No obstante, el estudio preciso del expediente nos mueve a no intervenir con la *Resolución* recurrida. A nuestro juicio, el pronunciamiento en cuestión es producto del adecuado ejercicio de las facultades del Tribunal de Primera Instancia. Nada nos sugiere

que, en el ejercicio de sus facultades, el foro recurrido incurriera en error o en abuso de discreción.

En virtud de lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones resolvemos no expedir el auto solicitado.

### -*IV*-

Por los fundamentos antes expuestos, los que hacemos formar parte de este dictamen, *denegamos* expedir el recurso extraordinario promovido.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones